**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HORNE, | ) No. C 08-1387 SBA (PR) |
| Plaintiff, | ) **ORDER OF SERVICE** |
| v. | ) |
| J. C. RUTLEDGE, et al., | ) |
| Defendants. | ) |

## INTRODUCTION

Plaintiff Joseph Horne, a state prisoner currently incarcerated at Kern Valley State Prison, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Pelican Bay State Prison (PBSP) Correctional Officers J. C. Rutledge and C. R. Thompson used excessive force against him on June 8, 2007.  Plaintiff also claims that Defendants PBSP Warden Horel and PBSP Correctional Sergeant R. Navarro are liable as supervisors.  Plaintiff's motion for leave to proceed in forma pauperis (IFP) has been granted.

Venue is proper in this district because PBSP is in Del Norte County, which is located in this district.  See 28 U.S.C. § 1391(b).

## BACKGROUND

Plaintiff makes the following allegations in his complaint:

On June 8, 2007, Defendant Rutledge "threaten[ed] to assault [Plaintiff] with his O.C. [spray] although [Plaintiff] posed absolutely no threat to [Defendant Rutledge], the institution nor to [himself]."  (Compl. Attach., Additional Page to Statement of Claim at 1.)  Defendants Rutledge and Thompson assaulted Plaintiff with "high powered institutional O.C. spray" while he was locked in his cell.  (Id.)  Each of them "assaulted [Plaintiff] 2 times during the attack."  (Id.)  Defendants Rutledge

and Thompson "sprayed the O.C. [spray] thru [sic] the face of the door" as Plaintiff stood at the door using a blanket to shield himself. (Id.) The O.C. spray covered Plaintiff's "front body and [his] back including the back of [his] head." (Id.) Plaintiff "endured physical pain" on his back and face, and he suffered "mental distress" due to the attack. (Compl. at 3.)

Defendant Navarro was not present during the assault, but it occurred during his "watch hours." (Compl. Attach., Additional Page to Statement of Claim at 1.)

Plaintiff seeks monetary damages. (Id. at 3-4.)

## DISCUSSION

### I.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

**II.     Legal Claims**

    **A.     Excessive Force Claim**

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by prison guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Plaintiff alleges Defendants Rutledge and Thompson dispersed "O.C. spray" into his cell without provocation. Based on these allegations, the Court is unable to say that Plaintiff can prove no set of facts which would entitle him to relief in support of his claim of the malicious and sadistic use of force. Accordingly, the Court finds this claim cognizable.

    **B.     Supervisory Liability Claims**

Plaintiff claims Defendants Navarro and Horel are liable as supervisors. Plaintiff must allege that Defendants Navarro and Horel "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. He has not made such a claim. Accordingly, Plaintiff's supervisory liability claims against Defendants Navarro and Horel are dismissed with leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     The Court finds COGNIZABLE Plaintiff's Eighth Amendment excessive force claim against Defendants Rutledge and Thompson.

2.     Plaintiff's supervisory liability claims against Defendants Navarro and Horel are DISMISSED WITH LEAVE TO AMEND as indicated above. Within **thirty (30) days** of the date of this Order, Plaintiff may file amended supervisory liability claims against these Defendants (Plaintiff shall resubmit only that claim and not the entire complaint) as set forth above in Section II(B) of this Order. The failure to do so will result in the dismissal without prejudice of the supervisory liability claims against Defendants Navarro and Horel.

3.     The Clerk of the Court shall issue summons and the United States Marshal shall serve,

without prepayment of fees, copies of: (1) the complaint and amended complaint as well as copies of all attachments thereto (docket nos. 1); and (2) a copy of this Order upon **PBSP Correctional Officers J. C. Rutledge and C. R. Thompson.** The Clerk shall also mail copies of these documents to the Attorney General of the State of California. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

4. In order to expedite the resolution of this case, the Court orders as follows:

a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary

4

> judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  6. All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

  7. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 10/20/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH HORNE,

    Plaintiff,

v.

J.C. RUTLEDGE et al,

    Defendant.
_____/

Case Number: CV08-01387 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Deonn Horne V84328
Kern Valley State Prison
P.O. Box 5102
Delano, CA 93216

Dated: October 22, 2008

    Richard W. Wieking, Clerk
    By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.08\Horne1387.service.frm    7